# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PAUL A. MITCHELL,

          PLAINTIFF,

v.

                                              Case No: 6:16-CV-1648-37DAB

NORTH CAROLINA MEDICAL
BOARD, ET AL.
          DEFENDANTS
_____/

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **September 20, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE.**

| | |
|---|---|
| **MOTION:** | **MOTION FOR TENPORARY SEAL (Doc. No. 3)** |
| **FILED:** | **September 20, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

S-4

Plaintiff, proceeding *pro se*, has tendered a Complaint and the above motions, which he seeks to have sealed. The common-law right of access to judicial proceedings establishes a presumption that criminal and civil actions should be conducted openly and that judicial records are subject to inspection and copying. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir.2001). "The right to inspect and copy records is not absolute, however. As with other forms of access, it may interfere with the administration of justice and hence may have to be curtailed." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir.1983) (internal citation omitted). In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Local Rule 1.09 (a) provides that a party seeking to file a document under seal must provide: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

Upon review, it is **respectfully recommended** that the motion to seal be **denied**. Plaintiff has presented no proper basis for proceeding under seal. The only ground raised is a perceived bias against poor persons and a perception that, should the Complaint and motion become public, Defendants "likely will use agents in the MDFL like Magistrate Smith" to deprive him of his due

process rights. (Doc. S-3, p. 4). (The Court notes that Plaintiff has another case pending in this Court, 16cv1358-PGB-TBS.) This showing is insufficient to overcome the presumption of openness in all legal proceedings. Plaintiff should be provided the opportunity to either withdraw his filings or to refile them in an open docket.

It is further **recommended** that the motion to proceed as a pauper be **denied, without prejudice** to re-assertion should this Report and Recommendation be adopted and should Plaintiff choose to proceed in an open filing.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 21, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy