FILED

2016 OCT 14 AM 10: 13

U.S. DIST...
MIDDLE DISTRICT OF FL...
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL A. MITCHELL,

    Plaintiff,

v.  Case No. 6:16-cv-1648-Orl-37DAB

NORTH CAROLINA MEDICAL BOARD;
PATRICK BAESTRERI; SARAH
EARLY; KAREN MCGOVERN;
CHERYL HARA; ASHLEY M. KLEIN;
SADZI OLIVA; and DANIEL A.
KELBER,

    Defendants.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Complaint (S-Doc. 1), filed September 20, 2016;

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (S-Doc. 2), filed September 20, 2016;

3. Plaintiff's Motion for Temporary Seal of § 1915 Application, Complaint, and Preliminary Injunction (S-Doc. 3), filed September 20, 2016; and

4. U.S. Magistrate Judge David A. Baker's Report and Recommendation (S-Doc. 4), filed September 21, 2016.

5. Plaintiff's Objection to Report and Recommendation (S-Doc. 8), filed October 5, 2016.

On September 20, 2016, Plaintiff filed a thirty-five page Complaint asserting claims against several Defendants for: (1) third party wrongful interference with prospective employment in violation of Title VII of the Civil Rights Act of 1964; (2) deprivation of his

right to enforce contracts under 42 U.S.C. § 1981; (3) intentional discriminatory interference with contract or prospective contractual relations; (4) deprivations in violation of the equality clause of § 1981; (5) deprivation of property interests without due process in violation of § 1983; (6) deprivation of liberty interests without due process; and (7) deprivation of equal protection. (Doc. 1.)

Alongside the Complaint, Plaintiff also filed a motion to proceed *in forma pauperis* (S-Doc. 2 ("**IFP Motion**")) and a motion to temporarily seal the IFP Motion, Complaint, and a forthcoming motion for a preliminary injunction[1] (S-Doc. 3 ("**Motion to Seal**")).

In a Report and Recommendation issued September 21, 2016, U.S. Magistrate Judge David A. Baker recommends that the Court: (1) deny the Motion to Seal due to Plaintiff's failure to present a proper basis for proceeding under seal; and (2) deny the IFP Motion with leave to reassert if Plaintiff chooses to proceed in an open proceeding. (S-Doc. 4 ("**R&R**").)

On October 5, 2016, Plaintiff objected to the R&R on grounds that: (1) the Undersigned did not authorize Magistrate Judge Baker to issue an R&R on the Motion to Seal; (2) Plaintiff did indeed provide a proper basis to proceed under seal, supported by controlling precedent; and (3) despite having been assigned to Magistrate Judge Baker, U.S. Magistrate Judge Thomas B. Smith drafted the R&R and then cut and pasted Magistrate Judge Baker's signature onto the R&R "for the corrupt purpose of creating the perception that the assigned magistrate issued [the] order." (S-Doc. 8 ("**Objections**").)

When a party objects to a magistrate judge's findings, the district court must "make

---

[1] Plaintiff filed a motion for preliminary injunction on September 23, 2016. (S-Doc. 5.)

a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

Upon de novo review of the record, the Court finds that Plaintiff's Objections are meritless and due to be overruled. First, contrary to Plaintiff's Objections, the Undersigned referred both the IFP Motion and the Motion to Seal to Magistrate Judge Baker for a report and recommendation. Thus, the R&R was authorized. Additionally, Plaintiff has produced no documentation to corroborate his assertion of forgery against Magistrate Judge Smith.

Finally, the Court agrees with Magistrate Judge Baker's conclusion that Plaintiff has not presented a proper basis to warrant proceeding under seal. As noted in the R&R, Plaintiff contends that "[s]ealing documents is necessary to prevent a clear and serious injury to due process rights because [he] is a poor person." (S-Doc. 3, p. 2.) Plaintiff then goes onto allege that, in the past, Defendants have recruited U.S. magistrate judges to deny his motions to proceed *in forma pauperis* and Defendants will thus be deprived of the opportunity to do so if Plaintiff's Motion to Seal is granted. (*Id.* at 2–6.) Such grounds are not only incredulous but also unsupported by case law. As such, the Court finds that R&R is due to be adopted, and that the Motion to Seal is due to be denied.

As a final matter, Plaintiff has now on two occasions sent email correspondence to the Undersigned's chambers email in clear violation of the Local Rules. *See* Local Rules 3.01(f); (*see also* S-Doc. 7.) Plaintiff is warned that continued violations of the Local

Rules may result in severe sanctions.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Objection to Report and Recommendation (S-Doc. 8) is **OVERRULED**.

2. U.S. Magistrate Judge David A. Baker's Report and Recommendation (S-Doc. 4) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3. Plaintiff's Motion for Temporary Seal of § 1915 Application, Complaint, and Preliminary Injunction (S-Doc. 3) is **DENIED**.

4. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (S-Doc. 2) is **DENIED WITHOUT PREJUDICE**.

5. In Plaintiff chooses to prosecute this action in an open proceeding, he may refile his application to proceed without prepayment of fees of costs on or before Monday, **October 31, 2016**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 14, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Party