**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PAUL A. MITCHELL,

    Plaintiff,

v.                                                Case No. 6:16-cv-1648-Orl-37DCI

NORTH CAROLINA MEDICAL BOARD;
PATRICK BAESTRIERI; SARAH
EARLY; KAREN MCGOVERN;
CHERYL HARA; ASHLEY M. KLEIN;
SADZI OLIVA; and DANIEL
A. KELBER,

    Defendants.

**ORDER**

This cause is before the Court on the following:

1. The Court's Show Cause Order (Doc. 29), filed January 12, 2017;

2. Plaintiff's Response to Civil Contempt Show Cause Order (Doc. 30), filed January 17, 2017; and

3. Plaintiff's Motion for Judge Dalton's Disqualification Pursuant to 28 U.S.C. § 455(b)(1) (Doc. 31), filed January 20, 2017.

**BACKGROUND**

On September 28, 2016, October 4, 2016, and January 12, 2017, Plaintiff sent correspondence to the Undersigned's Chambers e-mail asserting allegations of misconduct against U.S. Magistrate Judge Thomas B. Smith and various members of the Court's staff. Specifically, Plaintiff's e-mails alleged that Magistrate Judge Smith— aided by the Undersigned's Chambers staff and personnel in the Clerk's office— concealed Plaintiff's filings from the Undersigned and issued counterfeit orders in this

action. To remedy such misconduct, Plaintiff requested that the Undersigned: (1) uncover this fraud on the Court; (2) immediately grant Plaintiff's then-pending motion to proceed *in forma pauperis*; (3) appoint a special prosecutor to investigate Magistrate Judge Smith's conduct; and (4) take appropriate action pursuant to Cannon 3(B)(5) of the Code of Conduct for United States Judges. Additionally, the January 12, 2017 e-mail—which Plaintiff addressed to Chambers staff—requested that "personnel involved in receiving email communication" present the Undersigned with Plaintiff's response to an Order issued by U.S. Magistrate Judge Daniel C. Irick. Plaintiff also attached various documents filed in this action to two of the three e-mails sent to Chambers.

Upon receiving the September 28 and October 4 e-mails, the Court issued two separate Orders informing Plaintiff that such correspondence violated Local Rule 3.01(f), which prohibits litigants from, *inter alia*: (1) requesting relief in the form of a letter or the like; and (2) filing pleadings and papers with the presiding Judge, where such papers should be filed with the Clerk's office. (Docs. 4, 9.) The second of these Orders—issued **October 14, 2016**—also informed Plaintiff that continued violations of the Local Rules could result in the imposition of severe sanctions. (Doc. 9, pp. 3–4.) Nonetheless, on **January 12, 2017**, Plaintiff sent a third e-mail to Chambers.

That same day, as forewarned, the Court issued an Order directing Plaintiff to appear before the Undersigned and show cause why he should not be held in civil contempt or otherwise sanctioned for his failure to comply with the Court's Orders and the Local Rules. (Doc. 29 ("**Show Cause Order**").) Additionally, the Court found that Plaintiffs' allegations of misconduct on the part of Magistrate Judge Smith and Court staff—which Plaintiff parroted in several Court filings—were factually unfounded, thereby

violating Federal Rule of Civil Procedure 11(b)(3). (*Id.*) Plaintiff responded in writing to the Show Cause Order on January 17, 2017. (Doc. 30.) Three days later, Plaintiff appeared before the Undersigned for a show cause hearing ("**Show Cause Hearing**"). (*See* Doc. 33.)

Immediately before the hearing, Plaintiff also moved to disqualify the Undersigned under 28 U.S.C. § 455(b)(1). (Doc. 31 ("**Disqualification Motion**").) Upon consideration, the Court finds that the Disqualification Motion is due to be denied and that this action is due to be dismissed with prejudice pursuant to Rule 41(b).

## DISCUSSION

### A. Disqualification Motion

Section 455(b)(1) requires a federal judge to disqualify himself from a proceeding in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." "[T]he standard for determining whether a judge should disqualify himself under § 455 is an objective one [that asks] whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986). "Section 455 does not require the judge to accept all allegations by the moving party as true." *Id.* Indeed, "[i]f a party could force recusal of a judge by factual allegations, the result would be a virtual 'open season' for recusal." *Id.* Rather, "[a] charge of partiality must be supported by some factual basis," and "[r]ecusal cannot be based on 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981). "Likewise, rumor . . . beliefs, conclusions, innuendo,

3

suspicion, opinion, and similar non-factual matters are generally insufficient." *Del Fuoco v. O'Neill*, No. 8:09-cv-1262-T-27MAP, 2010 WL 454930, at *5 (citing *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Here, Plaintiff's Disqualification Motion is grounded on allegations of both personal bias and extrajudicial knowledge of evidentiary facts. As to personal bias, Plaintiff alleges that: (1) the Undersigned's courtroom deputy clerk, "Flick," has conspired with Defendants and Magistrate Judge Smith to obstruct the instant proceedings; (2) he intends to amend his Complaint to add Flick as a Defendant; (3) he intends to call Flick as a key witness against the current Defendants; and (4) the Undersigned's working relationship with Flick prevents him from fairly and impartially adjudicating this matter. (Doc. 31, pp. 8–10.)

Such representations do not warrant disqualification, as they echo the same baseless allegations that the Court has found to be in violation of Rule 11(b)(3). Though numerous, Plaintiff's claims of bias are a product of factually unfounded conspiracy theories. As such, under § 455(b)(1), "Plaintiff's subjective concerns are simply insufficient from the perspective of a reasonably informed person." *See Del Fuoco*, 2010 WL 454930, at *5.

Moreover, Plaintiff asserts that the Undersigned's initiation of the Show Cause Hearing demonstrates: (1) his involvement in the foregoing conspiracy; and (2) extrajudicial knowledge of evidentiary facts, as corroborated by the Court's Orders at Documents 26 and 28 of the docket. (*Id.* at 10–12.) The Court has already found that Plaintiff's conspiracy allegations are unsupported by any objective facts, and Plaintiff fails to specify what "extrajudicial knowledge of evidentiary facts" the Undersigned possesses. Notably, the Orders entered at Documents 26 and 28 were issued by U.S. Magistrate

Judge Daniel C. Irick, not the Undersigned. As such, Plaintiff's Disqualification Motion falls woefully short of the standards required for recusal.

**B.**     **Disregard of the Court's Orders**

Having denied Plaintiff's Disqualification Motion, the Court now turns to the issue of sanctions. To start, Plaintiff was warned twice that his e-mail correspondence with Chambers violated the Local Rules. (*See* Docs. 4, 9.) The Court's standard Order for *pro se* litigants also advised Plaintiff that he should not correspond with the Undersigned in letter form. (Doc. 24.) In spite of these admonitions, Plaintiff continued to violate the Local Rules.

The Undersigned then gave Plaintiff notice and an opportunity to be heard on the matter of sanctions.[1] But rather than respond to the Show Cause Order, Plaintiff informed the Court that he had filed a Disqualification Motion and, therefore, the Court could not proceed with the hearing. After advising Plaintiff that it would take the motion under advisement, the Court encouraged him to avail himself of the opportunity to be heard on the violations identified in the Show Cause Order. However, Plaintiff remained obstinate that the Court could not continue with the proceeding and that the law entitled him to directly communicate perceived criminal violations to the Undersigned.

Upon consideration, the Court finds that severe civil sanctions are warranted. Specifically, the Complaint is due to be dismissed with prejudice. "Rule 41(b) makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court

---

[1] At the outset of the Show Cause Hearing, the Court also advised Plaintiff of the proper procedure for filing a judicial misconduct complaint and provided Plaintiff with an official complaint form and information from the United States Courts' website.

rules." *Zorcas v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). Although "the dismissal of a case with prejudice is considered a sanction of last resort," such action is appropriate where "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."[2] *Id.* In light of Plaintiff's repeated disregard of the Court's Orders, the Local Rules of this District, and his obligations under Rule 11, the Court finds that Plaintiff's behavior demonstrates willful disobedience. Indeed, even after being called for a Show Cause Hearing on potential Rule 11 sanctions, Plaintiff persisted in presenting frivolous allegations to the Court in his Disqualification Motion—allegations unsupported by nothing other than Plaintiff's far-fetched conspiracy theories. Further, Plaintiff's contumacious conduct in the presence of the Court reveals that lesser sanctions would not be corrective.[3]

Plaintiff is warned that continued violations may result in the imposition of criminal sanctions. Moreover, future frivolous filings may warrant the entry of a screening order. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386 (11th Cir. 1993) (upholding a pre-filing screening restriction on an abusively litigious plaintiff).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Judge Dalton's Disqualification Pursuant to 28 U.S.C. § 455(b)(1) (Doc. 31) is **DENIED**.

---

[2] "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zorcas*, 465 F.3d at 483.

[3] Due to the Court's dismissal of this action, the pending Report and Recommendation on Plaintiff's motion to proceed *in forma pauperis* (Doc. 28) is due to be terminated as moot.

2. This action is **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b).

3. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 28) is **TERMINATED AS MOOT**.

4. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 25, 2017.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record