UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL A. MITCHELL,

        Plaintiff,

v.                                Case No:  6:16-cv-1648-Orl-37DCI

NORTH CAROLINA MEDICAL
BOARD, PATRICK BAESTRIERI,
SARAH EARLY, KAREN MCGOVERN,
CHERYL HARA, ASHLEY M. KLEIN,
SADZI OLIVA and DANIEL A.
KELBER,

        Defendants.

_____

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL (Doc. 40)** |
| **FILED:** | **February 23, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

***Factual and Procedural Background***

On September 20, 2016, Plaintiff filed his Complaint, a Motion for Leave to Proceed *In Forma Pauperis* (the Original IFP Motion), and a Motion for Temporary Seal of § 1915 Application, Complaint, and Preliminary Injunction.[1]  Docs. 1; 2; 3.

_____

[1] Plaintiff did not file a request for an injunction until September 23, 2016.  Doc. 5.

On September 21, 2016, the Court entered a report recommending that the Motion for Temporary Seal be denied and that the Original IFP Motion be denied without prejudice "to re-assert should this Report and Recommendation be adopted and should Plaintiff choose to proceed in an open filing." Doc. 4. Plaintiff filed timely objections to the report. Doc. 8. Those objections concerned allegations of counterfeiting and forgery against United States Magistrate Judge Thomas B. Smith, and claimed that the assigned magistrate judge (then a different magistrate judge than the undersigned) had no authority to enter the Report and Recommendation. Doc. 8.

On September 23, 2016, Plaintiff filed a Motion for Preliminary Injunction. Doc. 5. In the Motion for Preliminary Injunction, Plaintiff sought, amongst other things, to force the Colorado Medical Board to delete allegedly adverse information about Plaintiff and sought to force the North Carolina Medical Board to issue him a medical license. Doc. 5 at 2.

On September 28, 2016, Plaintiff sent e-mail correspondence directly to the chambers of the assigned United States District Judge, Judge Roy B. Dalton, Jr. *See* Doc. 35 at 1.

On October 4, 2016, Plaintiff again sent e-mail correspondence directly to Judge Dalton's chambers. That same day, the Court entered an Order notifying Plaintiff that his e-mail correspondence violated the Local Rules of this Court. Doc. 7.

On October 14, 2016, the Court entered an Order adopting and confirming the Report and Recommendation. Doc. 9. Thus, the Court denied the Motion for Temporary Seal and denied without prejudice the Original IFP Motion. Doc. 9 at 4. In the Order, the Court also overruled Plaintiff's objections. Doc. 9 at 3. Finally, the Court again admonished Plaintiff not to send e-mail correspondence directly to the chambers of the Court. Doc. 9 at 3.

On October 20, 2016, the Court entered an Order denying without prejudice Plaintiff's Motion for Preliminary Injunction. Doc. 13. In that Order, the Court stated that because "the

Motion to Seal stressed Plaintiff's insistence on proceeding in a sealed action, the Court denied the IFP Motion without prejudice and granted Plaintiff leave to refile such Motion in the event that he desired to continue in an open proceeding." Doc. 13 at 1. Since Plaintiff had not yet filed another IFP Motion and had not yet paid the required filing fee, the Court denied without prejudice Plaintiff's Motion for Preliminary Injunction as premature, and stated that Plaintiff may reassert the Motion for Preliminary Injunction after he pays the requisite filing fee or is granted leave to proceed *in forma pauperis*. Doc. 13 at 1–2.

On October 24, 2016, Plaintiff filed a second Motion for Leave to Proceed *In Forma Pauperis* (the Second IFP Motion). Doc. 15.

On November 1, 2016, Plaintiff filed a Notice of Appeal (the First Notice of Appeal) seeking to appeal the Court's denial of Plaintiff's Original IFP Motion and Plaintiff's Motion for Preliminary Injunction. Doc. 18. Thereafter, on November 2 and 15, 2016, Plaintiff filed, respectively, a Motion to Proceed *In Forma Pauperis* on Appeal and a Second Motion to Proceed *In Forma Pauperis* on Appeal (the First and Second IFP Appeal Motions). Docs. 20; 23. In the First and Second IFP Appeal Motions, Plaintiff argued that the denial of his Original IFP Motion and his Motion for Preliminary Injunction was appealable and sought to proceed *in forma pauperis* on appeal. Docs. 20; 23.

On November 30, 2016, the Court *sua sponte* entered an Order, in which the Court identified for Plaintiff resources to assist him in bringing his case, and also advised Plaintiff of the rules of the Court, and the potential consequences for the failure to abide by those rules and the orders of the Court. Doc. 24. In the Order, the Court advised Plaintiff, among other things, that "Plaintiff shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form." Id. at 1.

On December 2, 2016, the Court entered an Order denying the First and Second IFP Appeal Motions, finding that they were frivolous because the Court had not issued a complete, formal, and final rejection of any claimed right.  Doc. 25 at 4.  In addition, the Court noted as follows in regards to Plaintiff's serial filings in federal court:

> Last year, Plaintiff filed a similar complaint against three of the same Defendants in the U.S. District Court for the District of Colorado. *See Mitchell v. McGovern*, Case No. 1:15-cv-559-MA-CBS, Doc. 1 (D. Col. March 30, 2015). Plaintiff then filed a similar motion for preliminary injunction, in which he sought to compel the Colorado Medical Board to engage in affirmative action. *Id.*, Doc. 5. In that case, Plaintiff paid the filing fee. *Id.*, Doc. 1. Ultimately, the Colorado district court denied the motion for injunctive relief on the ground that Plaintiff had not demonstrated, and was not likely able to demonstrate, a substantial likelihood of success on the merits. *Id.*, Doc. 101, pp. 4–5. Weeks after the magistrate judge made a recommendation to dismiss the case and deny the requested injunction, Plaintiff— this time attempting to proceed *in forma pauperis*—filed a frivolous action against the defendants' attorneys and two magistrate judges in the District of Colorado, alleging civil rights violations and a criminal conspiracy. *See Mitchell v. Boland*, Case No. 1:15-cv-01544-LTB, Doc. 1 (D. Col. July 21, 2015).
>
> Notably, courts have dismissed at least six of Plaintiff's federal actions as frivolous—five in the District of Colorado and one in this District; all involving claims factually related in some way to this case and three involving some of the same claims against some of the same defendants. *See Mitchell v. Rocky Mountain Cancer Ctr.*, Case No. 6:16-cv-1359-PGB-KRS (M.D. Fla.); *Mitchell v. Boland*, Case No. 1:15-cv-559-CMA-CBS (D. Colo.); *McGovern*, Case No. 1:15-cv-374-LTB; *Mitchell v. Hara*, Case No. 1:08-cv-1388-ZLW (D. Colo.); *Mitchell v. Hara*, Case No. 1:07-cv-2637-ZLW (D. Colo.); *Mitchell v. Rocky Mountain Cancer Ctrs.*, Case No. 1:07-cv-1479-BNB-MJW (D. Colo.).

Doc. 25 at 5, n.2.

On December 8, 2016, the undersigned entered an Order to Show Cause in connection with the Second IFP Motion, finding that "[b]ecause Plaintiff's Complaint fails to allege sufficient facts to establish personal jurisdiction, Plaintiff shall be required to show cause why this case should not be dismissed as frivolous."  Doc. 26 at 1.

On December 29, 2016, Plaintiff responded to the Order to Show Cause.  Doc. 27.  In the response, Plaintiff failed to address the jurisdictional issues identified in the Order to Show Cause,

and instead set forth factual allegations concerning an alleged conspiracy between Magistrate Judge Smith and employees of the Clerk's office. *See id.* In particular, Plaintiff made the ridiculous assertion that Magistrate Judge Smith forged the undersigned's signature in entering documents in this matter. *See id.* These are allegations of the same ilk as those made by Plaintiff in his last Colorado federal case, which also alleged that the United States Magistrate Judges in that case were involved in a conspiracy against him. *See Mitchell v. Boland*, Case No. 1:15-cv-01544-LTB, Doc. 1 (D. Col. July 21, 2015).

Accordingly, on January 12, 2017, the undersigned issued a report recommending that Plaintiff's Complaint be dismissed as frivolous due to a lack of personal jurisdiction over the Defendants. Doc. 28. On that same date, Plaintiff, for a third time, sent e-mail correspondence directly to the chambers of Judge Dalton. Doc. 29 at 1. In that correspondence, Plaintiff again made his conspiratorial allegations that Magistrate Judge Smith and employees of the Clerk were obstructing Plaintiff's filings and causing forged documents to be entered on the docket without Judge Dalton's knowledge. Doc. 29 at 2.

Still on January 12, 2017, following the receipt of that e-mail correspondence, Judge Dalton entered an Order to Show Cause requiring Plaintiff to appear in person and show cause why he should not be held in civil contempt or otherwise sanctioned for his violation of the Local Rules, the Court's orders, and Federal Rule of Civil Procedure 11(b)(3), in relation to his false, frivolous, and unfounded conspiracy allegations against Magistrate Judge Smith and employees of the Clerk. Doc. 29 at 3.

On January 20, 2017, Plaintiff appeared for the show cause hearing. Docs. 33; 35. Immediately before the hearing, Plaintiff filed a motion to disqualify Judge Dalton pursuant to 28 U.S.C. § 455, alleging the same conspiracy and asserting that Judge Dalton must be recused

because (seeing as the conspiracy was being perpetrated by members of his chambers staff) Judge Dalton was a necessary witness, was biased, and had extrajudicial knowledge of the facts underlying the conspiracy.  Doc. 31.  At the hearing, Plaintiff relied upon the motion to disqualify and questioned the authority of Judge Dalton to proceed with the hearing given the pending motion.  Doc. 36.  Plaintiff also denied that the Court ordered him not to correspond with Judge Dalton's chambers via e-mail, alleging, in sum and substance, that the Court had never issued any such order and that no rule prevented him from doing so.  *Id.*

On January 25, 2017, Plaintiff filed an objection to the report recommending dismissal (Doc. 28), this time attempting to address the jurisdictional issues raised therein.  Doc. 34.

On that same date, Judge Dalton entered an Order denying the motion for disqualification, dismissing the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), Rule 11, and the Court's inherent authority, and terminating as moot the pending report recommending dismissal of the Complaint (the Order of Dismissal).  Doc. 35.  In the Order of Dismissal, Judge Dalton made the following findings:

> In light of Plaintiff's repeated disregard of the Court's Orders, the Local Rules of this District, and his obligations under Rule 11, the Court finds that Plaintiff's behavior demonstrates willful disobedience. Indeed, even after being called for a Show Cause Hearing on potential Rule 11 sanctions, Plaintiff persisted in presenting frivolous allegations to the Court in his Disqualification Motion— allegations unsupported by nothing other than Plaintiff's far-fetched conspiracy theories. Further, Plaintiff's contumacious conduct in the presence of the Court reveals that lesser sanctions would not be corrective.

Doc. 35 at 6.  Judge Dalton also noted that the dismissal was made pursuant to the Court's inherent authority to enforce its orders and provide for the efficient disposition of litigation.  Doc. 35 at 6, n.2.

On February 23, 2017, Plaintiff filed a Notice of Appeal and a motion for leave to appeal *in forma pauperis* (the Third IFP Appeal Motion).  Docs. 39; 40.  The Third IFP Appeal Motion is now before the undersigned for a report and recommendation.

### *Discussion*

"An appeal may not be taken *in forma pauperis* if the trial court certified in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3) (italics added); *see also* Fed. R. App. P. 24(a)(3).  Whether an appeal is taken in good faith is a matter within the discretion of the trial court. *See Busch v. Cty. of Volusia*, 189 F.R.D. 687, 692 (M.D. Fla. 1999) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)).  Good faith in this context must be judged by an objective standard.  *Busch v. Cty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (discussing § 1915(e)(2)(B)); *see also Brown v. United States*, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

In the Third IFP Appeal Motion, Plaintiff identified three issues underlying his appeal, which are summarized as follows:

1.  Did the Court err when sanctioning Plaintiff through a *sua sponte* Rule 41(b) dismissal?

2.  Did the Court err by failing to comply with the 11th Circuit standard for sanctioning Plaintiff through a dismissal with prejudice?

3. Did Judge Dalton err by refusing to disqualify himself after Plaintiff purportedly presented evidence of extrajudicial bias and knowledge of disputed evidentiary facts in the motion to disqualify filed pursuant to 28 U.S.C. § 455(b)(1)?

Doc. 40 at 1.  Plaintiff's Notice of Appeal provided additional explanation concerning the foregoing bases for Plaintiff's appeal.  *See* Doc. 39.

### *The First Issue Identified in the Third IFP Appeal Motion*

As to the first issue, Plaintiff asserts that the Court lacked authority to dismiss the case with prejudice on a *sua sponte* basis pursuant to Rule 41(b), because the basis of the dismissal was a failure to comply with a court order.  Doc. 39 at 3-4.  It should be noted that Plaintiff does not appear to challenge the substance of the decision or its correctness, but instead challenges the Court's authority to act *sua sponte* pursuant to Rule 41(b), where the alleged Rule 41(b) violation is the failure to comply with a court order.  *Id.*

Here, the Court dismissed this matter *sua sponte* due to Plaintiff's failure to comply with Court orders and the rules of this Court, and the Court cited to Rule 11, Rule 41(b), and its inherent authority in so dismissing this case.  Doc. 35.  There is no doubt that a district court has the authority to *sua sponte* dismiss a case such as this, in which a *pro se* plaintiff fails to comply with court orders and the rules of the court.  *See Nurse v. Sheraton Atlanta Hotel*, 618 Fed. App'x 987, 989-91 (11th Cir. 2015) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) and affirming dismissal of *pro se* complaint with prejudice for a failure to comply with court orders); *McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 854 (11th Cir. 2010) (affirming the dismissal of a *pro se* complaint with prejudice under both Rule 11 and the provision of Rule 41(b) pertaining to failures to comply with court orders).

In *McDonald*, the Eleventh Circuit "observed that many of our prior holdings 'elide [the] neat distinction' between the limiting language of Rule 41(b) and the district court's inherent authority to manage its docket by *sua sponte* dismissing a complaint." 391 F. App'x at 854 (quoting *Betty K Agencies*, 432 F.3d at 1337) (alterations in original). The *McDonald* court went on to explain that:

> We hold that the district court did not abuse its discretion in *sua sponte* dismissing McDonald's complaint under Rule 41(b), to the extent the court relied on that provision, for failure to comply with court orders. We note that the dismissal was appropriate because (1) the record shows that McDonald's repeated conduct of noncompliance rose to a level of willfulness and bad faith rather than that of mere negligence, and (2) the district court specifically found that lesser sanctions would not have sufficed.

391 F. App'x at 854.

Plaintiff's bald assertion that the Court lacked legal authority to *sua sponte* dismiss this case with prejudice as a sanction for a violation of court orders and the rules of the court is frivolous. The Court has such authority under Rule 11, Rule 41(b), and its inherent authority. And although Plaintiff has seized on a discrete issue concerning the wording of Rule 41(b), that issue has been identified and discussed by the Eleventh Circuit in *Betty K Agencies*, *McDonald*, and various other cases. None of those cases stand for the proposition that the Court lacks the authority to dismiss this case *sua sponte* and, as such, Plaintiff's argument is without arguable legal merit. Further, even if the dismissal in this case were based solely upon Rule 41(b) – and it was not – the Court made factual findings, sufficient to satisfy the requirements of *McDonald*, "that Plaintiff's behavior demonstrates willful disobedience" and that "Plaintiff's contumacious conduct in the presence of the Court reveals that lesser sanctions would not be corrective." Doc. 35 at 6.

### *The Second Issue Identified in the Third IFP Appeal Motion*

As to the second issue, Plaintiff asserts that the Court erred in not following Circuit authority because – according to Plaintiff – the Court did not find that Plaintiff had engaged in a

clear pattern of willful conduct and that a lesser sanction would not suffice.  Doc. 39 at 4-5 (citing

*Betty K Agencies*, 432 F.3d at 1337-38).  Again, Plaintiff alleged a failure to adhere to the correct

legal standard in making the decision, as opposed to taking issue with the substance of the Court's

analysis under that standard.  As stated in the foregoing paragraph, when finding that dismissal

with prejudice was warranted in this case, Judge Dalton specifically found "that Plaintiff's behavior

demonstrates willful disobedience" and that "Plaintiff's contumacious conduct in the presence of the

Court reveals that lesser sanctions would not be corrective."  Doc. 35 at 6.  Judge Dalton also noted

that the pattern of willful, repeated conduct involved at least three e-mails to chambers, many

communications and filings containing far-fetched conspiracy theories and baseless accusations

against court staff and a judicial officer, and obstinate conduct at the hearing; all despite repeated

warnings from the Court through orders issued in this case.  Doc. 35.  Accordingly, the assertion that

Judge Dalton failed to follow the correct legal standard is without arguable factual or legal merit.  Judge

Dalton found both (1) that Plaintiff engaged in a willful pattern of conduct in violation of court order

and the rules governing these proceedings; and (2) that lesser sanctions would not suffice given

Plaintiff's failure to comply with the repeated orders and Plaintiff's conduct at the hearing.

Accordingly, Plaintiff's assertions to the contrary are indisputably frivolous, as would be any appeal

taken thereon.

### *The Third Issue Identified in the Third IFP Appeal Motion*

As to the third issue, Plaintiff asserts that his motion for disqualification contained

"compelling evidence" of "Judge Dalton's bias and knowledge of disputed evidentiary facts" from

"an extrajudicial source."  Doc. 39 at 6-7.  Thus, Plaintiff asserts, the Court erred in denying his

motion for disqualification.  *Id.*  Judge Dalton's Order to Show Cause, Doc. 29, and Order of

Dismissal, Doc. 35, both set forth the nature of the accusations that form the basis of Plaintiff's

claim.  In sum, and without rehashing all of Plaintiff's wild accusations, Plaintiff has, throughout

this litigation, claimed that he is the victim of a conspiracy whenever he has received a ruling that was not in his favor.  That conspiracy, in some variation or another, allegedly involved Magistrate Judge Smith conspiring with employees of the Clerk and Judge Dalton's chambers staff to prevent Judge Dalton from seeing Plaintiff's filings and to forge the undersigned's name on various orders. In that way, according to Plaintiff, Magistrate Judge Smith sought to undermine Plaintiff's case.

Of course, following negative rulings and dismissals of several of his federal cases with prejudice in the District of Colorado, Plaintiff alleged that magistrate judges in Colorado had entered into a similar conspiracy against him there.  This case is simply a continuation of Plaintiff's years of litigation in Colorado and Florida.  Although the Court has endeavored to treat Plaintiff with respect and liberally construe his pleadings, Plaintiff continues to operate in a delusional world in which the magistrate judges and court staff conspire against him out of an unexplained and irrational personal animus against Plaintiff.

As such, the undersigned must certify that this claim, as with Plaintiff's other claims, is baseless and that an appeal should not be permitted to proceed *in forma pauperis*.  To allow such an appeal would be to waste the limited resources of the federal court system and to countenance a series of federal court filings by Plaintiff that have gone on for far too long.  Indeed, Judge Dalton warned Plaintiff "that continued violations may result in the imposition of criminal sanctions."  Doc. 35 at 6.  Accordingly, because Plaintiff submitted no evidence of a conflict of interest on behalf of Judge Dalton, let alone "compelling evidence," the sought-after appeal is indisputably frivolous and wholly without arguable merit.

### *Conclusion*

Accordingly, upon due consideration and for the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis* on Appeal (Doc. 40) be **DENIED**.

<u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 28, 2017.


DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy