UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL A. MITCHELL,

     Plaintiff,

v.                                                              Case No. 6:16-cv-1648-Orl-37DCI

NORTH CAROLINA MEDICAL
BOARD; PATRICK BAESTRIERI;
SARAH EARLY; KAREN MCGOVERN;
CHERYL HARA; ASHLEY M. KLEIN;
SADZI OLIVA; and DANIEL
A. KELBER,

     Defendants.
_____

## ORDER

This cause is before the Court on Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 40), which U.S. Magistrate Judge Daniel C. Irick recommends that the Court deny (Doc. 42). For the reasons set forth below, the Court agrees.

### I.     PROCEDURAL HISTORY

The instant action has been plagued by fantastic allegations of a conspiracy—between Defendants, court staff, and various judges—to deprive Plaintiff of his medical license and his day in court. (*See generally* Doc. 42.) In pursuing these accusations, Plaintiff has repeatedly violated the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders—despite numerous warnings. (*See generally* Doc. 35.) On January 20, 2017, the Court gave Plaintiff a final opportunity to explain his disobedience at a show cause

hearing ("**Hearing**"). (*See* Doc. 33.) Instead, Plaintiff persisted in his defiance, purporting to advise the Court of its inability to continue with the proceeding due to a recently filed motion for disqualification, which, unsurprisingly, was premised on further conspiratorial allegations. (*See* Doc. 35, pp. 5–6; *see also* Doc. 31 ("**Disqualification Motion**").)

On January 25, 2017, the Court issued an Order denying the Disqualification Motion as factually unfounded. (Doc. 35 ("**January 25 Order**").) In the same Order, the Court dismissed Plaintiff's action with prejudice based on its findings that: (1) Plaintiff had engaged in a clear pattern of willful conduct; and (2) lesser sanctions would not be corrective—particularly in view of Plaintiff's continued contumacious conduct at the Hearing. (*Id.* at 5–7.) Thereafter, Plaintiff sought leave to appeal the January 25 Order *in forma pauperis*. (Doc. 40 ("**Motion to Appeal IFP**").)

## II.  STANDARDS

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3) (italics added); *see also* Fed. R. App. P. 24(a)(3). "Whether an appeal is taken in good faith is a matter within the discretion of the trial court." *Busch v. Cty. of Volusia*, 189 F.R.D. 687, 692 (M.D. Fla. 1999) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)). In this context, good faith must be judged by an objective standard. *Id.* at 691.

A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). And a claim or argument is frivolous when it appears that the factual allegations are clearly baseless or

that the legal theories are indisputably meritless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (discussing § 1915(e)(2)(B)).

### III.   DISCUSSION & CONCLUSION

On February 28, 2017, U.S. Magistrate Judge Daniel C. Irick issued a Report and Recommendation finding that the assignments of error identified in Plaintiff's Motion to Appeal IFP are frivolous and without arguable factual or legal merit. (Doc. 42 ("**R&R**").) As such, Magistrate Judge Irick: (1) certifies that Plaintiff's claims are baseless; and (2) recommends that the Court deny Plaintiff's Motion to Appeal IFP. (*Id.* at 11.)

In the absence of objections, the Court has reviewed the R&R for clear error. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court agrees with Magistrate Judge Irick's recommendation and certifies that Plaintiff's appeal is not taken in good faith. Indeed, to quote the R&R, "[t]o allow such an appeal would be to waste the limited resources of the federal court system and to countenance a series of federal court filings by Plaintiff that have gone on for far too long." (Doc. 42, p. 11.)

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 42) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2.      The Undersigned **CERTIFIES** that Plaintiff's appeal is not taken in good faith.

3.      Plaintiff's Affidavit Accompanying Motion for Permission to Appeal *in Forma Pauperis* (Doc. 40) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 20, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record
*Pro Se Party*